```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LATCHMIE TOOLASPRASHAD,         :
                                :
          Plaintiff             :    No. 4:05-CV-168
                                :
     vs.                        :    (Complaint Filed 1/25/05)
                                :
BUREAU OF PRISONS,              :    (Judge Muir)
                                :
          Defendant             :
```

ORDER
August 24, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The Plaintiff Latchmie Toolasprashad filed a complaint on July 30, 1999, in the United States District Court for the District of Columbia. The complaint named as defendants the Bureau of Prisons and thirteen officials and employees of that agency. The case was filed in this court on January 25, 2005, as a result of being transferred to this district by an order issued on July 29, 2003, by the United States District Court for the District of Columbia. Although the case was ordered transferred in 2003, this court was not aware of the transfer order or case until January, 2005, and did not receive the file in the case until March 22, 2005.[1] The only claim that remains after being

---

1. In January 2005, Plaintiff contacted the Clerk's Office in Scranton inquiring about the status of his case in the Middle District. A review of this court's records by Kevin T. Calpin, Operations Manager, revealed no records received involving Plaintiff's case. Plaintiff then supplied the Clerk's Office with a copy of the transfer order issued by the United States District Court for the District of Columbia. Our Clerk's Office immediately contacted that Court by phone and requested the case file. Mr. Calpin was told that the file would be sent. On March 9, 2005, the file having not been received, Mr. Calpin sent a letter to the Clerk of Court of the United States District Court for the District of Columbia requesting the file and also e-
(continued...)

transferred to this court is a claim for damages against the Bureau of Prisons under the Privacy Act, 5 U.S.C. § 552a(g)(1)(C) and 552a(g)(4).  At the time the case was transferred there was a pending motion for summary judgment filed by the Bureau of Prisons.  The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge J. Andrew Smyser for preliminary consideration.

On April 15, 2005, Magistrate Judge Smyser filed a 22-page report recommending that the Bureau of Prisons' motion for summary judgment be granted and that the case be closed. On April 28, 2005, Plaintiff filed a motion for enlargement of time until June 22, 2005, to file objections to that report.  On April 29, 2005, we granted Plaintiff's motion for enlargement of time.

On June 20, 2005, the Plaintiff filed a second motion for enlargement of time.  By order of June 21, 2005, we granted Plaintiff an enlargement of time until July 18, 2005, to file objections.  On July 18, 2005, Plaintiff filed his objections to the report of Magistrate Judge Smyser.  Also, on July 18, 2005, Plaintiff filed a document entitled "Plaintiff's Motion for Appointment of Counsel or In the Alternative An Amicus" and a brief in support thereof.  Defendant filed an opposition brief on August 2, 2005.  The motion became ripe for disposition on August 22, 2005, with the filing of Plaintiff's reply brief.

---

1.  (...continued)
mailed the letter to that Court's Operations Manager.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, Parham vs. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Montgomery vs. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron vs. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey vs. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and

```
                    the ability of the claimant to
                    pursue investigation;
              (4)   the plaintiff's capacity to retain
                    counsel on his or her own behalf;
              (5)   the extent to which the case is
                    likely to turn on credibility
                    determinations; and
              (6)   whether the case will require
                    testimony from expert witnesses.
```

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Assuming, solely for the purpose of deciding this motion, that the complaint has arguable merit, Plaintiff fails to set forth circumstances warranting appointment of counsel. Tabron, supra, at 155-56. In his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments. The remaining legal issues in this case are relatively uncomplicated, encompass well-settled areas of the law and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Plaintiff's capabilities.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. Furthermore, this court's duty to construe *pro se* pleadings liberally, Haines vs. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Plaintiff is an experienced pro se litigator. The

complaint and additional pleadings in this case clearly demonstrate that Plaintiff is capable of setting forth his claims and legal arguments in a straightforward and clear manner. He was able to present his case first in the United States District Court for the District of Columbia and then in the United States Court of Appeals for the District of Columbia.  In fact, Plaintiff was successful in obtaining a remand of his Privacy Act claim to the District Court. Also, Plaintiff's objections consist of 42 pages with 92 pages of supporting exhibits.  As noted, there is only one remaining claim is this case. That claim is whether inaccurate information is contained in a memorandum which was used by the Bureau of Prisons in its determination to transfer Plaintiff to another institution.  That claim is not complex.  Thus, the court will deny Plaintiff's motion for appointment of counsel.

  NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

  Plaintiff's motion for appointment of counsel (Doc. 11) is denied.

        s/Malcolm Muir
        _____
        MUIR, U.S. District Judge

MM:gs